CARROLL v. DEMAREST et al.

WARD v. McKEE et al.

(Supreme Court, Appellate Division, First Department.   June 30, 1899.)

INTERPLEADER—DIFFERENT CAUSES OF ACTION.
        Where two persons by separate actions sued a third for the same debt, and one plaintiff included in his suit another cause of action, with which the other plaintiff had nothing to do, and defendant offered to pay into court sufficient to cover the first-named debt only, interpleader was properly refused.

Appeal from special term, New York county.

Actions by David H. Carroll against Elizabeth A. Demarest and others and by Martin J. Ward against John H. McKee and others. There was an order denying a motion for an interpleader, and defendants appeal.    Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sumner B. Stiles, for appellants.

Q. A. Gates, for respondent Carroll.

Ernest Hall, for respondent Ward.

PATTERSON, J. ·  These actions were brought to recover commissions or brokerage, each plaintiff claiming that he was employed by the defendants to procure a tenant for certain hotel premises in the city of New York.    The plaintiff Carroll claimed to be entitled to the sum of $5,350 for services in procuring one Robert H. Rivers as such tenant.    The plaintiff Ward sued upon two causes of action; the first to recover the sum of $5,250 for procuring a tenant for the defendants, and the second to recover $750 as commissions for effecting a sale, at the request of the defendants, of certain personal property and furniture in said premises.    The defendants moved to interplead the plaintiffs, avering that they each claimed commissions for the same service in procuring the tenant; that the amount demanded by each plaintiff for that particular service is owing to one of them by the defendants, but that they do not know which of the plaintiffs is entitled to the

amount, and they cannot safely determine to which it should be paid, or make payment to one without danger of being liable to the other for the same claim. The motion for an interpleader was denied on the ground that the complaints in the two actions do not show that the commissions claimed are for the procurement of the same tenant. That fact does not appear from the complaints, but it is made to appear by affidavit of McKee, and does not seem to be denied, that the claim asserted by each of the plaintiffs for procuring a tenant relates to the same tenant, viz. Rivers. But, while the order appealed from may not be sustainable upon the ground upon which the motion was denied, yet it is apparent that the controversies of the parties are not in all respects over the same matters. The amount claimed by Ward is $6,000. All the defendants have offered to pay into court is the amount claimed by Carroll in his action, which is the same amount claimed by Ward in the first cause of action set forth in his complaint. An interpleader, under those circumstances, would not discharge the defendants from full liability in each action, nor finally settle the controversy. Ward's claim is more extensive than Carroll's, and is upon two contracts of employment, instead of one. The causes, therefore, were not in a situation in which the demands made by separate plaintiffs upon the defendants could be settled and finally determined in a contest between those plaintiffs, and for this reason the court properly exercised the discretion given by section 820 of the Code of Civil Procedure in denying the motion.

The order must be affirmed, with $10 costs and disbursements. All concur.